**In re George D. LOZANO & Deborah I. Lozano, Debtors.**

**Bankruptcy No. 87–05313–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

April 11, 1988.

Carrie Francke, Columbia, Mo., for Beneficial Missouri.

Norman W. Lampton, Columbia, Mo., for debtors.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Because there have been a substantial number of controversies arising over the question of lien avoidance, particularly in the Central Division of this District, this opinion will attempt to provide a step by step outline of the interplay between 11 U.S.C. § 522(f) and Mo.R.S. 513.430, et seq., which the Court hopes will be of benefit to counsel in this District, and particularly in that division.

Debtors seek to avoid the lien of Beneficial Missouri as to certain items of personal property claiming that said lien is avoidable under 11 U.S.C. § 522(f)(2)(A). The loan was made on August 20, 1985, for $2,337.91 and had a balance at the date of filing of $1,187.63. The documents reveal that Beneficial Missouri has a purchase money security interest in a two piece sectional sofa so clearly that property cannot be exempted from the lien.

The rest of the property is:
1. Two Seiko watches
2. One of two television sets
3. One clarinet
4. One camera
5. One stereo
6. One set of golf clubs
7. One exercise bike
8. An unspecified number of gold lockets
9. Two diamond rings

and as to those items, clearly Beneficial Missouri's lien is a non-possessory and non-purchase money lien. What the Court must determine is which items qualify for the avoidance provision. Section 522(f)(2)(A) establishes nine categories of personal property that qualify for the avoidance. They are:
1. Household furnishings
2. Household goods
3. Wearing apparel
4. Appliances
5. Books
6. Animals
7. Crops
8. Musical instruments
9. Jewelry

provided that same are held primarily for the personal, family or household use of the debtor or a dependent of the debtor.

Since Missouri "opted out" of the § 522 Federal Exemptions in the early 1980's, these guidelines must also be interfaced with the Missouri exemption statutes limiting the various categories to the statutory maximum exemption. For example, under Mo.R.S. § 513.430(1), debtors may avoid Beneficial Missouri's lien on household furnishings and household goods only up to a value of $1,000.00 each. Likewise, under Mo.R.S. § 513.430(2), debtors can exempt up to $500.00 in value in jewelry each. Also under Mo.R.S. § 513.430(3) debtors can exempt up to $400.00 each in the value of any property that qualifies under the nine categories listed in § 522(f)(2)(A). Finally under Mo.R.S. § 513.440 each head of household may exempt up to $850.00 in value plus $250.00 in value per dependent of any property that qualifies under the nine categories listed in § 522(f)(2)(A).

To proceed from the general to the specific, in this case, each of the debtors may exempt $1,000.00 in value and apply same to their household goods. (Total $2,000.00). Each debtor may exempt up to $500.00 in value and apply same to their jewelry. (Total $1,000.00). Each debtor may exempt up to $400.00 in value and apply same to any property included in the nine categories. One of the debtors (whichever is head of household) may exempt at least $1,100.00 in value (his or her $850.00 plus at least

$250.00 for one dependent) which again may be applied to any property in the nine categories. Summarizing then, debtors may apply up to $2,000.00 in value to their household goods, $1,000.00 in value to their jewelry, and $1,900.00 to any property so long as it falls within one of the nine categories. If there is excess value over those amounts, the lien may not be avoided except as to the extent outlined. Further, if there is property not included within the nine categories, the lien may not be avoided as to it.

In this particular case, it appears that the dollar amounts of exemption available cover all of the personal property. If Beneficial Missouri disagrees, it may move for a valuation hearing. However, one set of golf clubs and one exercise bike appear not to be encompassed within the nine categories. Unless a request for valuation is made, the lien will be avoided as to all the property listed except for the set of golf clubs and the exercise bike.